[No. G001012. Fourth Dist., Div. Three. June 29, 1984.]

UNIVERSAL LIFE CHURCH, INC., et al.,
Plaintiffs, Cross-defendants and Appellants, v.
THE STATE OF CALIFORNIA et al.,
Defendants, Cross-complainants and Respondents.

## COUNSEL

Randall L. Hite for Plaintiffs, Cross-defendants and Appellants.

John K. Van de Kamp, Attorney General, Anne S. Pressman, Richard A. Spector and James R. Lahana, Deputy Attorneys General, for Defendants, Cross-complainants and Respondents.

## OPINION

**WALLIN, Acting P. J.**—This appeal arises from the granting of a preliminary injunction enjoining the operation of an unlicensed community care facility. Appellants argue the injunction was improper because they are exempt from licensure under the Community Care Facilities Act. We disagree and affirm.

### FACTS

Appellants Universal Life Church, Inc., Reverend Kenneth Lowe and George Talcott are presently operating four unlicensed community care facilities for elderly church members in Orange County. Their applications for licensure under the Community Care Facilities Act (Health & Saf. Code, § 1500 et seq.)[1] were denied primarily because of their refusal to cooperate with the Department of Social Service's attempts to inspect and evaluate the facilities. Appellants withdrew their appeal of the department's decision stating "we have voluntarily reduced services at all locations to ROOM AND BOARD only."

In October 1983, appellants sought declaratory and injunctive relief to enjoin the department from inspecting the church facilities. They argued they were exempt from licensure under the Community Care Facilities Act because section 1505, subdivision (g) provides for an exemption for "[a]ny facility conducted by and for the adherents of any well-recognized church or religious denomination for the purpose of providing facilities for the care

---

[1]All references are to the Health and Safety Code unless otherwise indicated.

or treatment of the sick who depend upon prayer or spiritual means for healing in the practice of the religion of such church or denomination." Their request for a preliminary injunction was denied.

Respondents then filed a cross-complaint and noticed a motion for preliminary injunction. The court granted respondent's requested preliminary injunction enjoining appellants from operating their unlicensed facility with the following provisions: "1. [Appellants are] immediately enjoined from admitting any new residents in need of community care services into their facilities;

"2. [Appellants are] permitted to continue operating for thirty days to allow the orderly placement of current facility residents in licensed care facilities;

"3. [Appellants] shall permit the Department to have reasonable access to their facilities until [appellants] have fully complied with the preliminary injunction;

"4. [Appellants are] immediately required to notify the Department of Social Services of the names of each of the elderly residents currently residing in their facilities along with the names, addresses and telephone numbers of the individual or individuals who placed the residents in those facilities.

"5. [Appellants are] required to immediately notify in writing the relatives, friends of [sic] other parties responsible for placing the elderly residents in question in their facilities of the existence of the preliminary injunction. Said notice should include a copy of the preliminary injunction and the telephone number of the Department of Social Services so that the responsible and interested parties can contact the Department for advice and assistance concerning placement of the elderly residents in question."

The superior court stayed its order for 48 hours to enable appellants to seek extraordinary relief from this court. We stayed enforcement of the order pending resolution of a petition for writ of supersedeas. As a condition of the stay, we ordered the appellants to allow respondents "to conduct such onsite inspection of petitioners' community care facilities as the Legislature and the courts of this state have authorized for facilities not exempt from the license and permit requirements of Health and Safety Code [section] 1508." At oral argument, the parties agreed to consolidate the petition for writ of supersedeas with the appeal. The temporary stay has remained in

effect pending resolution of the appeal. Thus, a full discussion of the issues raised in the writ of supersedeas is no longer necessary.

## DISCUSSION

The sole issue on appeal is whether the trial court erred in granting the preliminary injunction. A preliminary injunction may be granted when the party seeking relief is likely to succeed on the merits of the action, or will suffer irreparable injury if an injunction is not granted. (Code Civ. Proc., § 526, subds. 1 and 2.) ■ "Granting or denying an injunction is within the sound discretion of the trial court and will be upheld on appeal absent an abuse of discretion. Discretion is abused when a court exceeds the bounds of reason or contravenes uncontradicted evidence." (*Jessen* v. *Keystone Savings & Loan Assn.* (1983) 142 Cal.App.3d 454, 458 [191 Cal.Rptr. 104].)

The Community Care Facilities Act specifically allows the director of the Department of Social Services to seek an injunction to prohibit the operation of any unlicensed community care facility. (§ 1541.) A community care facility is defined as "any facility, place, or building which is maintained and operated to provide nonmedical residential care . . . for . . . adults, . . . including, but not limited to, the physically handicapped, mentally impaired, or incompetent persons . . . ." (§ 1502, subd. (a).)

In seeking the injunction, "the director shall not be required to allege facts necessary to show or tending to show lack of adequate remedy at law or irreparable damage or loss." (§ 1541.) Rather, if the trial court finds a community care facility is being operated without a license, the court "*shall . . . issue its order enjoining the community care facility from continuance of the violation.*" (*Ibid.,* italics added.) This last provision was added in 1980 to overrule *Woods* v. *Superior Court* (1980) 102 Cal.App.3d 608, 617 [162 Cal.Rptr. 577], which held the director does not have an "absolute right to obtain an injunction against the operation of an unlicensed facility . . . ."

In *Woods,* the Department of Social Services initiated proceedings to enjoin the operation of seven unlicensed community care facilities that provided room, board, and nonmedical care and supervision to boys ages 10 through 18. The court upheld the denial of the preliminary injunction because the language of section 1541 at that time did not specifically state "the injunction shall issue" upon a showing that the facility in question is being operated without a license. In discussing the trial court's considerations in ruling on a request for a preliminary injunction, however, the court stated

"[o]nly if the trial court is reasonably assured that there is no imminent danger to the health and safety of the placements should it decline to grant the injunctive relief. In close cases, doubt should be resolved in favor of removing the placements from the potentially dangerous environment." (102 Cal.App.3d at p. 618.)

■ The record presented to the trial court in the instant case indicates the appellants' application for a license was denied, and their appeal of that decision was withdrawn. Thus, it was undisputed that the appellants were operating the facilities without licenses in violation of section 1508.[2] However, appellants argued they are exempt from licensure under section 1505, subdivision (g). This argument is without merit. Although the respondents concede the Universal Life Church is a "well-recognized church," they correctly argue appellants are *not* providing "care or treatment of the sick who depend upon prayer or spiritual means for healing" in the practice of their religion. In fact, appellants claim the residents are cared for by private physicians and attend to their own medical needs. In their closing brief, appellants specifically state: "No group health care, whether by conventional methods, or prayer and spiritual means, is provided to Reverend Lowe's members by the facilities." Because, by their own admission, the appellants do not provide care or treatment in the form of prayer or spiritual means, they are not exempt from licensure under section 1505, subdivision (g).

In addition, respondents submitted affidavits indicating the operation of the unlicensed facilities threatens the health or safety of the persons living in the facilities. The affidavits allege several residents appear to require licensed nursing care. Although these allegations are denied in the affidavits filed by the appellants, doubt as to the safety of the residents should be resolved in favor of removing the residents from a potentially dangerous or unsafe environment. (*Woods* v. *Superior Court, supra,* 102 Cal.App.3d at p. 618.)

■ Finally, appellants challenge the constitutionality of section 1505, subdivision (g) on several grounds. They argue the statute is unconstitutional because it (1) grants exemptions to "well-recognized" religions only, (2) is vague and overbroad, and (3) violates their rights to due process, equal protection, and privacy. Appellants do not have standing to raise these constitutional issues. First, respondents concede the Universal Life Church is

---

[2]Section 1508 provides no one may "operate, establish, manage, conduct, or maintain a community care facility in this state, without first obtaining a license therefor as provided in this chapter."

a "well-recognized" religion. Second, appellants' argument that they would have standing if the statute was unconstitutional is meritless. They contend *all* religions would be entitled to exemptions under section 1505 if the statute was unconstitutional. However if the provision was unconstitutional, the proper remedy would be to strike down the statute and eliminate the exemption completely. Consequently, *no* religion would be exempt. Because appellants would not benefit from holding the statute unconstitutional, we decline to address the constitutional issues raised.

Because the record before the trial court established the facilities are operating without licenses in violation of section 1508, and appellants are not exempt from licensure under section 1505, subdivision (g), we hold the respondents were entitled to an injunction as a matter of right under section 1541. Thus, the trial court did not abuse its discretion in granting respondents' request for a preliminary injunction.

The judgment is affirmed. In addition, the stay is dissolved, and the petition for writ of supersedeas is denied as moot.

Sonenshine, J., and Crosby, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied August 22, 1984. Bird, C. J., was of the opinion that the petition should be granted.